**Keith RUEHMAN, et al., Plaintiffs,**

v.

**VILLAGE OF PALOS PARK, et al., Defendants.**

**No. 91 C 8355.**

United States District Court, N.D. Illinois, Eastern Division.

Feb. 14, 1996.

Thomas Gerard Morrissey, Chicago, IL, Mary Denise Cahill, Cahill, Einspar, Wayne & Assoc., Hinsdale, IL, Mary Louise Boelcke, Chicago, IL, for Keith Ruehman, Alan Miller, Joseph P. Brown, Dean Hyde, Sherry Ratcliffe, Michael Curtain, John Sitar.

Thomas Gerard Morrissey, Chicago, IL, Mary Denise Cahill, Cahill, Einspar, Wayne & Assoc., Hinsdale, IL, for Joseph Larry, James A. James, Rahmin Alamin, Randy Hermansen.

Charles E. Hervas, James Gus Sotos, Michael William Condon, Michael D. Bersani, Hervas, Sotos & Condon, P.C., Itasca, IL, for Jean Moran.

Stanley T. Kusper, Jr., Kusper & Raucci, Chartered, Chicago, IL, David Lincoln Ader, John F. Donahue, Ancel, Glink, Diamond, Cope & Bush, Chicago, IL, Vickie A. Gillio, Gillio and Associates, Chicago, IL, for George Pfotenhauer.

Terry L. McDonald, Connie R. Sprovieri-Barba, Lawrence R. Stasica, Cook County State's Attorney, Chicago, IL, Bart Thomas Murphy, Gordon B. Nash, Jr., Mary Theresa Lynch, Gardner, Carton & Douglas, Chicago, IL, for Aurelia Pucinski.

Mary Ellen Coghlan, Illinois Attorney General's Office, Chicago, IL, for Richard V. White, Terry Gainer.

Stephen A. Snakard, Frank K. Neidhart, McCarthy, Duffy, Neidhart & Snakard, Chicago, IL, Mary Elizabeth Dickson, Schirott & Luetkehans, P.C., Itasca, IL, Michael William Condon, Hervas, Sotos & Condon, P.C., Itasca, IL, for Village of Palos Park.

Mary Elizabeth Dickson, Schirott & Luetkehans, P.C., Itasca, IL, Michael William Condon, Hervas, Sotos & Condon, P.C., Itasca, IL, for William Shanley.

Andrew M. Raucci, Stanley T. Kusper, Jr., Kusper & Raucci, Chartered, Chicago, IL, David Lincoln Ader, John F. Donahue, Ancel, Glink, Diamond, Cope & Bush, Chicago, IL, Vickie A. Gillio, Gillio and Associates, Chicago, IL, for Village of Dolton.

Richard T. Ryan, Mark F. Smolens, Richard L. Jones, Flynn, Murphy, Ryan & Seyring, Chicago, IL, for Village of La Grange, Village of Wheeling, Michael Haeger.

James E. Gierach, Law Offices of James E. Gierach, P.C., Oak Lawn, IL, for Village of Worth, Glenn Rose.

Daniel Richard Formeller, James Kenneth Borcia, Jacqueline A. Criswell, Tressler, Soderstrom, Maloney & Priess, Chicago, IL, for City of Hickory Hills, George Dulzo.

Kelly Raymond Welsh, City of Chicago, Law Department, Corporation Counsel, Chicago, IL, Diane J. Larsen, Patrick J. Rocks, Jr., Irene Schild Caminer, City of Chicago, Law Department, Corporation Counsel, Chicago, IL, Susan S. Sher, Corporation Counsel, City of Chicago, Chicago, IL, for City of Chicago, Illinois.

Kelly Raymond Welsh, Diane J. Larsen, City of Chicago, Law Department, Corporation Counsel, Chicago, IL, for Leroy Martin.

Terry L. McDonald, Lawrence R. Stasica, Cook County State's Attorney, Chicago, IL, Robert D. Quinlivan, Jr., Chicago, IL, for Michael Sheahan.

## MEMORANDUM OPINION AND ORDER

COAR, District Judge.

In an order dated November 22, 1993 ("Ruehman III"), Judge Hart granted summary judgment to Plaintiff Allen Miller ("Miller") in his § 1983 claim against Sheriff Michael Sheahan ("Sheahan"). Sheahan filed a motion for reconsideration, and in an order dated January 12, 1994, Judge Hart found that a genuine issue for trial remained and vacated the grant of summary judgment. Miller now moves this court to reconsider and clarify the January 12, 1994 order. For the reasons set forth below, Miller's motion to reconsider is denied.

## BACKGROUND

In February 1989, Dolton, Illinois police arrested Miller for driving with a revoked license. He was sentenced to court supervision, but violated the terms of that supervision and was ordered to serve 7 days in jail. Miller failed to report for his jail term and on August 31, 1989 the Sixth Municipal District Court issued a warrant for his arrest. On September 7, 1989, after Miller surrendered and began serving his sentence in Cook County jail, the municipal court entered an order to quash and recall his arrest warrant.

A quash and recall order was completed for Miller's warrant, but the copies destined for the Sheriff's office mistakenly remained in the Clerk's file. Meanwhile, Miller's August 31st arrest warrant, now recalled, was transferred to the Sheriff's office and entered as active into the Cook County Sheriff's Police Warrant Computer System ("SPWA") on September 20, 1989[1]. The Dolton police were also notified of the August 31st warrant for Miller's arrest, but not of the September 7th recall order, and on September 23, 1989, they entered the warrant into the computerized Illinois State Police Law Enforcement Data System ("LEADS").

On January 23, 1990, Miller was stopped by the Oak Forest Police who, after finding the August 31, 1989 warrant listed as active in LEADS, arrested Miller and transferred him to the Dolton Police. Dolton Police con-

firmed that there was an active warrant in LEADS and also contacted the Cook County Sheriff's office who verified that Miller's warrant was also listed as active in SPWA. Miller, who had been arrested at 1:30 a.m., was then held in the Dolton jail until he appeared in court later that day. At that time, a review of Miller's court file revealed that his arrest warrant had been quashed and recalled and that the Sheriff's copies of the recall order had not been properly forwarded for entry into SPWA or LEADS. Miller, of course, was then released.

Miller filed suit against Sheriff Sheahan pursuant to 42 U.S.C. § 1983 claiming that his erroneous arrest and detention violated his Fourth and Fourteenth Amendment rights. Numerous other plaintiffs and defendants were originally parties to this suit, but after several motions, orders and one appeal to the Seventh Circuit, only Miller's claim against Sheahan and Dean Hyde's claim against the City of Chicago remain. *See Ruehman v. Village of Palos Park*, 842 F.Supp. 1043 (N.D.Ill.1993) ("Ruehman III") (includes opinion on reconsideration of January 12, 1994 and January 21, 1994); *Ruehman v. Sheahan*, 34 F.3d 525 (7th Cir.1994) (Suit against Sheahan not barred by Eleventh Amendment).

Summary judgment was originally granted in favor of Miller in his claim against Sheahan, *Ruehman III*, 842 F.Supp. at 1052–55, but upon reconsideration the court determined that a factual dispute existed as to whether a reasonable means existed by which Miller's warrant could have been corrected in time to prevent his arrest. The summary judgment order against Sheahan was thus vacated, *Ruehman III*, 842 F.Supp. at 1064–65 (order of January 12, 1994), and a subsequent motion by Miller to again reconsider and reinstate summary judgment was denied without prejudice. *Id.* at 1067 (order of January 21, 1994). Miller now renews his motion to reconsider the January 12, 1994 order.

## DISCUSSION

In *Ruehman III*, the court concluded that there were large numbers of recalled war-

---

**1.** A clerical backlog apparently caused a delay in    entering Miller's warrant into SPWA.

rants incorrectly listed on SPWA and LEADS, that the Sheriff had knowledge of this ongoing problem, that some means of eliminating these errors was necessary, and that the Sheriff's policy of not correcting these deficiencies was an act of deliberate indifference to the constitutional rights of those who were erroneously arrested and detained as a result. *Ruehman III*, 842 F.Supp. at 1054. The court then determined that the Sheriff's failure to keep accurate records was the proximate cause of Miller's arrest, and awarded summary judgment accordingly.

Upon Sheahan's motion for reconsideration, the court reaffirmed that the Sheriff's failure to keep accurate records of arrest warrants was a deliberately indifferent policy, but found that a genuine issue existed as to whether the Sheriff's deficient procedures were a proximate cause of Miller's arrest four months after his warrant was recalled. Specifically, the court held that Miller had not yet shown "whether there were reasonable alternative procedures that the Sheriff could have implemented that would have prevented Miller from being arrested on the recalled warrant." *Ruehman III*, 842 F.Supp. at 1065.

Miller now argues, as he did in his initial motion to reconsider the January 12, 1994 order, that the Sheriff had validation procedures available to him, or could have reasonably initiated such procedures, that would have prevented his arrest. In particular, Miller claims that the court was mistaken in its January 12, 1994 order when it stated that "[t]he parties are in agreement that the Sheriff did not have another database to run a comparison on that would have revealed the incorrect listing of Miller's warrant." *Ruehman III*, 842 F.Supp. at 1064. To the contrary, Miller asserts that the Sheriff's office has had access to the Clerk of the Circuit Court's computer listings since 1990, and that a check on this system would have revealed that the warrant had been recalled.

This court finds no grounds to reconsider the January 12, 1994 order. As previously held, factual disputes remain surrounding whether Miller's arrest warrant would have been removed from the computer listings in time to prevent his arrest even if the Sheriff had implemented a reasonable warrant validation procedure. *See Hvorcik v. Sheahan*, 847 F.Supp. 1414, 1422–23 (N.D.Ill.1994); *Coclaines v. City of Chicago*, 1994 WL 329797 (N.D.Ill.1994). No evidence has been submitted regarding how often the Sheriff's office should audit individual case files, or whether alternative procedures for insuring that recall orders are entered into SPWA or LEADS would have corrected Miller's warrant within four months. Moreover, even if the Court Clerk's database was available to the Sheriff, Miller must still demonstrate that the Sheriff should have had someone on duty at the time of Miller's arrest who knew how to use the Clerk's computer system, and that it would have been reasonable to have checked the database in this case.

Accordingly, it remains to be determined whether a reasonable alternative procedure (one not deliberately indifferent to the constitutional rights of those arrested on recalled warrants) existed that would have prevented Miller from being arrested. Barring independent resolution of this matter, this narrow issue shall proceed to trial. Finally, to the extent that the January 12, 1994 order discussed the Sheriff's access to the Clerk of the Circuit Court's case listing computer database at the time of Miller's arrest, this court clarifies that the issue remains in dispute for trial.

## CONCLUSION

For the reasons discussed above, Miller's motion to reconsider is denied.